# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeWAYNE NOLAN LOGAN,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN DOE I, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:02-cv-06428-AWI-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 76)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF THE DISCOVERY DEADLINE<br><br>(Doc. 77) |

      Plaintiff DeWayne Nolan Logan ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 4, 2006, the undersigned issued a scheduling order setting the discovery deadline for December 5, 2006. On November 16, 2006, plaintiff filed a timely motion to compel, and on December 1, 2006, plaintiff filed a timely motion seeking a sixty-day extension of the discovery deadline. Defendant Adams ("defendant") filed an opposition to both motions on December 6, 2006.

      Plaintiff seeks to compel a response to two requests for admission, served sometime in August of 2006. Defendant opposes the motion on the grounds that plaintiff failed to attempt to resolve the dispute prior to seeking court intervention and that the motion is moot. Defendant states that he did not receive the requests for admission prior to being served with plaintiff's motion to compel and responses to the two requests have now been served.

///

1   Pursuant to the scheduling order, plaintiff is required to make a good faith effort to confer
2   with defendant's counsel and resolve the discovery dispute prior to involving the court.[1] (Doc. 73,
3   ¶5.) Plaintiff's motion to compel was not accompanied by a certification that he made a good faith
4   attempt to resolve the discovery dispute prior to filing his motion to compel. That ground alone
5   would require denial of plaintiff's motion to compel. In addition, the motion is now moot given that
6   defendant served a response once he became aware of the discovery request. For those reasons,
7   plaintiff's motion to compel shall be denied.

8   With respect to plaintiff's motion for an extension of the discovery deadline, a scheduling
9   order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). A finding of good
10  cause is dependant upon a showing of diligence in complying with the deadline. Zivkovic v.
11  Southern California Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002). In this instance, discovery
12  was opened on April 4, 2006, and plaintiff did not serve his requests for admission until August of
13  2006. Plaintiff has made no showing why he was unable to complete discovery in the eight months
14  the parties were allotted.

15  Although plaintiff contends that he cannot draft his next requests for admission without the
16  benefit of defendant's responses to his first two requests for admission, this conclusory assertion is
17  insufficient to support a finding of good cause. Plaintiff asked defendant to admit that it was his
18  signature on a memorandum and to admit that a particular document was used by staff to establish
19  which activities were allowed in March of 2002, when the facility was operating under a state of
20  emergency. Defendant admitted to both requests. It is not obvious to the court why plaintiff needed
21  these responses in order to formulate additional discovery requests and plaintiff has provided no
22  explanation. The court finds that plaintiff has not supported his motion for an extension of time with
23  good cause, and the motion shall be denied.

24  ///
25  ///
26  ///
27
28
---
[1] Given that plaintiff is incarcerated, this requirement may be fulfilled via the exchange of letters.

2

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed November 16, 2006, is DENIED; and

2. Plaintiff's motion for a sixty-day extension of the discovery deadline, filed December 1, 2006, is DENIED.

IT IS SO ORDERED.

**Dated:     January 19, 2007**                                    **/s/ Sandra M. Snyder**
icido3                                                               UNITED STATES MAGISTRATE JUDGE